**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| SE OPPORTUNITY FUND, LP, | Case No. 11-14970 (SHL) |
| Debtor. | |

----------------------------------------------------------------x
BRYAN BINDER and 553 WEST 174th ST. LLC,

                      Plaintiffs,

      v.

                                          Adv. Pro. No. 12-01054 (SHL)

SE OPPORTUNITY FUND, LP, SETH MILLER,
SEYMOUR HURWITZ, and STEVEN ETKIND,

                      Defendants.
----------------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

**A P P E A R A N C E S :**

**KLESTADT WINTERS JURELLER SOUTHARD &**
**STEVENS, LLP**
*Attorneys for Bryan Binder*
200 West 41st Street, 17th Floor
New York, NY 10036-7203
By:    Tracy L. Klestadt

**MOSS & KALISH, PLLC**
*Attorneys for Bryan Binder*
122 East 42nd Street, Suite 2100
New York, New York 10168
By:    Mark L. Kalish
         Gary N. Moss

**CLAUDE CASTRO & ASSOCIATES PLLC**
*Attorneys for Defendants SE Opportunity Fund LP*
*and Steven Etkind*
444 Madison Avenue, Suite 500
New York, New York 10022
By:    Claude Castro

**THE LAW OFFICES OF AVRUM J. ROSEN, PLLC**
*Attorneys for Seth Miller*
38 New Street
Huntington, NY 11743
By:    Avrum J. Rosen

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

Before this Court is a motion by plaintiff Brian Binder ("Binder" or the "Plaintiff") seeking liquidated damages for a breach of contract by defendants SE Opportunity Fund LP, Seth Miller, Seymour Hurwitz, and Steven Etkind (collectively, the "Defendants"). Previously, this Court found that the Defendants breached the contract at issue, and granted the Plaintiff specific performance of the contract. *In re 553 West 174th LLC*, 2013 WL 4779194, at *8 (Bankr. S.D.N.Y. Sept. 4, 2013). However, this Court left open the question of damages. *See* Order Granting Specific Performance, dated Nov. 27, 2013, at 6 (ECF No. 27).[1]  For the reasons set forth below, this Court now finds that the contract does not entitle the Plaintiff to liquidated damages but rejects the Defendants' contention that the contract prohibits the Plaintiff from seeking actual damages.

## BACKGROUND

The facts underlying the parties' dispute are set forth in this Court's prior decision rendered after trial. *See In re 553 West 174th*, 2013 WL 4779194, at *1–3. In April 2010, 553 West 174th St. LLC ("West 174th") entered into a contract with Walter Tillow for the purchase of premises located at 120 West 74th Street, New York, New York (the "Premises") for a price of $3,775,000.00. West 174th's sole member was SE Opportunity Fund ("SE"), an entity controlled by Seth Miller ("Miller"). In October 2010, Binder entered into a joint venture

---

[1]    Unless otherwise specified, references to the Case Management/Electronic Case Filing ("ECF") docket are to this adversary proceeding.

2

agreement with SE under which Binder would become the sole interest holder in West 174th—and thus acquire the right to the Premises—for a purchase price of $4,626,750 (the "JV Agreement") (Attached as Ex. A to Binder's Affidavit (ECF No. 32-1)). In accordance with the JV Agreement, Binder paid a $700,000 deposit (the "Deposit") to the escrow agent of the JV Agreement. *See In re 553 West 174th*, 2013 WL 4779194, at *7 n.7.

The parties, at least initially, contemplated that the Tillow Contract and the JV Agreement would close on the same day, so that Binder would become the sole interest holder in West 174th at the same time the Premises became an asset of West 174th. *Id.* at *1. The Defendants breached the JV Agreement, however, by failing to appear on the date of the closing, even though the Plaintiff was ready, willing, and able to perform the sales contract on the closing date. *Id.* at *7–8. As a result, this Court found that the Plaintiff was entitled to specific performance of the JV Agreement. *Id.* at *8.

The Plaintiff now brings this motion seeking liquidated damages from the Defendants for breach of the JV Agreement.[2] The Plaintiff bases his claim for liquidated damages on Article 12 of the JV Agreement. The relevant language of Article 12 is as follows:

> The Deposit and the Transfer of Interests shall be held in escrow by Escrow Agent under the following terms: (a) Escrow Agent shall dispose of the Deposit and the Transfer of Interests only in accordance with the provisions of Article 4. (b) *Escrow Agent will deliver the Deposit and the Transfer of Interests to SE or to Binder, as the case may be*, upon the following conditions: . . . (iii) to Binder, upon receipt of written demand therefore signed by Binder, stating that . . . (ii) SE has defaulted in the performance of this Agreement . . . .

JV Agreement, Art. 12 (emphasis added). The Plaintiff asserts that, because Article 12(b)(iii)(ii) does not specify whether Binder is to receive solely the Deposit or the Transfers of Interest

---

[2] The Plaintiff reserves his right to seek "actual damages" for breach of the JV Agreement if this Court does not award him liquidated damages. Plaintiff's Brief on his Right to Liquidated Damages ("Pl.'s Motion"), at 1 (ECF No. 32).

3

(leading to ownership of the Premises) if SE defaults, Article 12 entitles the Plaintiff to both the Deposit and the Transfers of Interest. *See* Pl.'s Motion at 2–3, 8.

In opposition, the Defendants contend that Article 12 is not the controlling article regarding liquidated damages, or at the very least, does not tell the whole story. The Defendants assert that Article 4 actually controls because, unlike Article 12, it expressly discusses "liquidated damages." *See* Defendants' Memorandum of Law in Opposition ("Defs.' Opp."), at 9–10, 16 (ECF No. 34). Article 4 provides, in relevant part, "[i]n the event Binder defaults . . . the assignment of Binder's entire 51% interest in the LLC and the deposit herein shall be forthwith released by Escrow Agent from escrow to SE as and for liquidated damages." JV Agreement, Art. 4. Thus, upon Binder's default, Article 4 contemplates SE receiving the Deposit as liquidated damages. *See id.* But Article 4 does not address what occurs if SE defaults, including whether Binder is entitled to liquidated damages upon SE's default. *See id.* Based on these omissions, the Defendants argue that the JV Agreement does not provide for liquidated damages to the Plaintiff. *See* Defs.' Opp. at 9–10, 16. The Defendants further argue that, because the JV Agreement does not discuss damages in favor of the Plaintiff at all, that the Plaintiff is not entitled to damages. *Id.* at 18–21.

## DISCUSSION

### A. Applicable Legal Standards

"The primary judicial purpose [in interpreting a contract] is to ascertain and give effect to the parties' intent as reflected in the language of the agreement." *United States v. Hernandez*, 404 F. App'x 521, 522 (2d Cir. 2010); *see also In re Coudert Bros.*, 487 B.R. 375, 389 (S.D.N.Y. 2013). This is so because "when [the] parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms . . . ." *In re S. Side*

4

*House, LLC*, 451 B.R. 248, 262 (Bankr. E.D.N.Y. 2011) (quoting *Signature Realty, Inc. v. Tallman*, 2 N.Y.3d 810, 811 (2004)). "As a result, 'courts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include . . . .'" *Id.* at 263 (quoting *Vermont Teddy Bear Co. v. 538 Madison Realty Co.*, 1 N.Y.3d 470, 475 (2004)).

Furthermore, "[a] contract should be read as a whole to ensure that undue emphasis is not placed upon particular words and phrases . . . ." *In re AMR Corp.*, 485 B.R. 279, 289 (Bankr. S.D.N.Y. 2013) (quoting *Consedine v. Portville Cent. Sch. Dist.*, 12 N.Y.3d 286, 293 (2009)). "Courts 'may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing.'" *Id.* (quoting *Consedine*, 12 N.Y.3d at 293). Indeed, "specific clauses of a contract are to be read consistently with the over-all manifest purpose of the parties' agreement. Contracts are also to be interpreted to avoid inconsistencies and to give meaning to all of its terms." *Barrow v. Lawrence United Corp.*, 146 A.D.2d 15, 18 (App. Div. 3d Dep't 1989) (internal citations omitted).

"The question of whether the language of a contract is clear or ambiguous is a question of law to be decided by the court." *Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 232 F.3d 153, 158 (2d Cir. 2000). "Ambiguity is 'defined in terms of whether a reasonably intelligent person viewing the contract objectively could interpret the language in more than one way.'" *In re Coudert Bros.*, 487 B.R. at 389 (quoting *Topps Co. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 68 (2d Cir. 2008)). A "primary rule of construction of contracts [is] that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract . . . ."

5

*Howard v. Howard*, 292 A.D.2d 345, 345 (App. Div. 2d Dep't 2002). In other words, the court must consider provisions of a contract as coherent components of a whole document. Thus, when "interpreting an unambiguous contract, the court is to consider its '[p]articular words' not in isolation 'but in the light of the obligation as a whole and the intention of the parties as manifested thereby.'" *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 397 (2d Cir. 2009) (quoting *Kass v. Kass*, 91 N.Y.2d 554, 566 (1998)) (alterations in original).

A liquidated damages clause provides the measure of damages for a breach of contract in lieu of actual damages. *Truck Rent-A-Center, Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 423–24 (1977); *see also McKinley Assocs., LLC v. McKesson HBOC, Inc.*, 110 F. Supp. 2d 169, 177–78 (W.D.N.Y. 2000). As a threshold matter, this Court must first determine if there is an existing provision that could be construed as a liquidated damages provision. A liquidated damages provision need not be expressly labelled a "liquidated damages" provision to be effective as such. *See Lease Corp. of Am. Inc. v. Resnick*, 288 A.D.2d 533, 534–35 (App. Div. 3d Dep't 2001) (citing *Truck Rent-A-Center*, 41 N.Y.2d at 425); *see also Scudder v. Baker*, 172 A.D.2d 40, 43 (App. Div. 3d Dep't 1991) (finding a clause to be a liquidated damages clause, regardless of the label of the clause). Rather, a liquidated damages provision need only be in the "nature of a liquidated damages clause" in order to be considered as one. *Scudder*, 172 A.D.2d at 42–43 (finding an unlabeled clause—which granted the plaintiff the entire unpaid balance of his fee, regardless of the services he performed, upon the defendants' transfer of their interest in an entity—was in the nature of a liquidated damages clause).

Even if a contract contains a liquidated damages clause, however, it is an unenforceable penalty if it is "grossly disproportionate to the amount of actual damages." *G3-Purves St., LLC v. Thomson Purves, LLC*, 101 A.D.3d 37, 42 (App. Div. 2d Dep't 2012). Whether a contract

6

provision is a liquidated damages clause, and whether that clause constitutes an unenforceable penalty, is a question of law to be decided by the court. *Id.* 41–42 (holding that the trial court correctly found that the subject provision was a liquidated damages provision, and was not an unenforceable penalty).

### B. The JV Agreement Does Not Provide for Liquidated Damages to the Plaintiff

Applying these principles here, the Court concludes that the JV Agreement does not contain a liquidated damages clause. The Plaintiff contends that because Article 12(b)(iii)(ii) provides for the possibility of delivering both the "Deposit and the Transfer of Interests" to Binder, he is entitled to receive both in the event of a default by SE. *See* Pl.'s Motion at 2–3, 8. But such a reading is inconsistent with other provisions of the JV Agreement. Article 12 does not expressly mention liquidated damages, unlike Article 4. While a liquidated damages provision need not be expressly designated a liquidated damages provision to qualify as such, *Resnick*, 288 A.D.2d at 534–35, the Court is loath to conclude that Article 12 is such a clause given that liquidated damages are expressly contemplated in other provisions of the contract. *See Vermont Teddy Bear Co.*, 1 N.Y.3d at 475 ("[C]ourts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include."). Notably, that provision does not provide for liquidated damages to Binder should SE default; it provides only for liquidated damages to SE.

In addition, the Plaintiff's reliance on Article 12 is undermined by language in subsection (a) of that article. More specifically, subsection (a) of Article 12 states that the disposition of "the Deposit and the Transfer of Interests [will occur] only in accordance with the provisions of Article 4." JV Agreement, Art. 12(a). Thus, Article 12 appears to contemplate the disposition of the Deposit only in accordance with Article 4, which only provides for liquidated damages in

7

favor of SE, not the Plaintiff. The Plaintiff has provided no interpretation of the contract that can give meaning to this reference to Article 4. The Plaintiff instead contends that it is an oversight and should merely be ignored. *See* Plaintiff Bryan Binder's Reply Brief on His Right to Liquidated Damages ("Plaintiff's Reply"), at 5–6 (ECF No. 36) (contending "[r]egardless of what may contained in other sections of the JV Agreement, Article 12(b)(iii)(ii) clearly and unambiguously embodies the agreement of the parties . . . ."). But the Plaintiff's interpretation fails because it cannot give meaning to all the terms of the contract. *In re AMR Corp.*, 485 B.R. at 289 (stating contracts are "to be interpreted to avoid inconsistencies and to give meaning to all of its terms"); *see also Consedine*, 12 N.Y.3d at 293 ("A contract should be read as a whole to ensure that undue emphasis is not placed upon particular words and phrases.").

      The Plaintiff's argument is also problematic because it ignores the specific language of Article 4 on liquidated damages in favor of the more general provision of Article 12 on general delivery and disposition of the Deposit and Transfer of Interests. Such a reading is inconsistent with well-established law on contract interpretation that specific and exact terms have greater weight than general language. *Cty. of Suffolk v. Alcorn*, 266 F.3d 131, 139 (2d Cir. 2001); *see also John Hancock Mut. Life Ins. Co. v. Carolina Power & Light Co.*, 717 F.2d 664, 669 n.8 (2d Cir. 1983) ("New York law recognizes that definitive, particularized contract language takes precedence over expressions of intent that are general, summary, or preliminary."); *cf. In re AMR Corp.*, 485 B.R. at 301 (a specific provision discussing what occurs on a particular type of default prevails over any general reference to what occurs on any generic default).

      This conclusion is further supported by Article 7 of the JV Agreement. While not cited by the parties, Article 7 expressly provides for "liquidated damages" in the form of the Deposit to SE upon Binder's default. *See* JV Agreement, Art. 7. In relevant part, Article 7 provides that

"[i]f Binder defaults hereunder or fails to perform any of the obligations of Purchaser under the Contract of Sale then, and in such event, all sums deposited hereunder by Binder shall be retained by SE as SE's liquidated damages and not as a penalty." JV Agreement, Art. 7. Despite this second reference to liquidated damages, there is once again no provision for liquidated damages for the Plaintiff.[3]

In their opposition, the Defendants assert that not only is the Plaintiff not entitled to liquidated damages, but that the Plaintiff is also not entitled to actual damages. More specifically, the Defendants argue that: (1) the Plaintiff is not entitled to actual damages on this motion because he has failed to request them in his complaint or submit proof of actual damages in evidentiary form, *see* Defs.' Opp. at 23–24; and (2) the JV Agreement did not expressly entitle the Plaintiff to any claims for damages. *See* Defs.' Opp. at 18–21. The Defendants' first argument is unavailing because the second cause of action in the Plaintiff's complaint seeks damages for breach of contract. Moreover, the Plaintiff's motion makes clear that it does not currently seek actual damages, either directly or in the alternative. *See* Pl's. Motion at 1. Instead, the Plaintiff merely reserves the right to seek actual damages, pending a decision on his motion. *Id.* Therefore, the Court will not consider the merits of the Plaintiff's potential claim for actual damages at this time.

The Court concludes that the Defendants' second argument, about the terms of the JV Agreement, is also meritless. The Defendants' argument fails because it requires that Article 12's language—"Deposit *and* the Transfer of Interests,"— be rewritten in the disjunctive. *See*

---

[3] Given the Court's conclusion about liquidated damages, this Court need not decide whether Article 12 constitutes an impermissible penalty, whether the Plaintiff's damages are "direct" or "consequential," whether the Plaintiff had a duty to mitigate his damages, whether the Plaintiff is entitled to pre-judgment interest, and whether the parties submitted impermissible extrinsic evidence as to the meaning of the JV Agreement. *See* Defs.' Opp. at 17–27.

Defs.' Opp. at 13–14; JV Agreement, Art. 12(b) (emphasis added). Without such a change to the language, there is nothing in the contract to bar a damages claim. Under New York law, moreover, where there is no liquidated damages clause, or where the clause is "rejected as being a penalty"—which in effect means there is no valid liquidated damages clause—"the recovery is limited to actual damages proven." *JMD Holding Corp. v. Congress Fin. Corp.*, 4 N.Y.3d 373, 380 (2005) (quoting *Brecher v. Laikin*, 430 F. Supp. 103, 106 (S.D.N.Y. 1977)). Indeed, "[i]t is a well-settled principle of black letter contract law that absent a contract provision to the contrary, the damages that may be recovered by a non-breaching party are the actual damages suffered by that party." *In re Brown Pub. Co.*, 486 B.R. 46, 60 (Bankr. E.D.N.Y. 2013) (quoting *In re Food Mgmt. Grp., LLC*, 2007 WL 4352225, at *2 (Bankr. S.D.N.Y. Dec. 10, 2007)). So while there is no liquidated damages provision within the JV Agreement, actual damages remain a potential remedy for the Plaintiff. Nothing in this Court's determination regarding liquidated damages precludes the Plaintiff from seeking actual damages.[4]

In sum, neither party's construction of the JV Agreement is supported because both parties' interpretation requires the Court to rewrite the JV Agreement. Rewriting the contract in the manner suggested by either party is antithetical to time-honored contract interpretation canons. *In re AMR Corp.,* 485 B.R. at 289 ("Courts 'may not by construction add or excise

---

[4] The Defendants also suggest that the Plaintiff is not entitled to liquidated damages or "any other damages other than those stated therein," by virtue of Articles 25 and 29. *See* Defs.' Opp. at 11–13. More specifically, the Defendants maintain that the Plaintiff is not entitled to damages because the Plaintiff has already received specific performance of the JV Agreement. However, Articles 25 and 29 do not preclude the recovery of damages. Rather, Articles 25 and 29 provide that if for any reason other than Binder's default, the sale transaction does not close, Binder is entitled to the return of the Deposit and reimbursement of title costs. *See* JV Agreement, Arts. 25, 29. This Court previously found that Binder did not breach the JV Agreement but rather was ready, willing, and able to perform and granted Binder specific performance of the contract. *See In re 553 West*, 2013 WL 4779194, at *8. The sale transaction subsequently closed on February 3, 2014. *See* Stipulation and Order Setting Briefing Schedule at 2 (ECF No. 30). Defendants have not demonstrated why the Plaintiff would not be entitled to damages under these circumstances.

terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing.'" (quoting *Consedine*, 12 N.Y.3d at 293)).

## CONCLUSION

For the reasons stated above, the Plaintiff's request for liquidated damages is denied. The parties shall confer about an appropriate schedule for resolving any remaining issues in this case and submit a joint letter to the Court regarding the same within 14 days.

IT IS SO ORDERED.

Dated: New York, New York
December 22, 2015

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE